IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| DIAMOND G INSPECTION, INC., § § *Plaintiff*, § § § v. § § § § § BOULDER ENERGY SOLUTIONS LLC, § § *Defendant*. § | CASE NO.: _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Diamond G Inspection, Inc. complaining of Boulder Energy Systems, Inc. and for cause of action would respectfully show unto the Court the following:

### I.   INTRODUCTION

1. This is an action seeking actual damages, attorneys' fees, taxable costs of court, pre-judgment and post judgment interest sustained by Plaintiff as a result of Defendant's breach of contract.

### II.   PARTIES

2. Plaintiff Diamond G Inspection, Inc. ("DGI" or "Plaintiff") is a Texas corporation whose principal place of business is in Texas. All pleadings in this matter

may be served upon counsel of record, Bruse Loyd, Jones, Gillaspia & Loyd LLP, 4400 Post Oak Parkway, Suite 2360, Houston, Texas 77027.

3. Defendant Boulder Energy Solutions, LLC ("BOULDER" or "Defendant") is an Oklahoma limited liability company that may be served a copy of this complaint and a summons through its registered agent, Russell M. Jacobson, Jr., at 3242 E. 30th Place, Tulsa, OK 74114, or wherever he may be found.

### III. JURISDICTION, VENUE AND CONDITIONS PRECEDENT

4. This Court has jurisdiction under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2). A substantial part of the events or omissions giving rise to the claims herein occurred in this District and Defendant is subject to personal jurisdiction in this District.

6. All conditions precedent have been performed or have occurred.

### IV. FACTS

7. Beginning November 2017 through January 2018, Defendant requested and received goods and services from Plaintiff. The dates, invoice numbers, and amounts billed and owing are detailed in Plaintiff's Exhibit A, attached hereto and incorporated herein by reference.

8. Although Plaintiff has made numerous attempts to be paid for the goods and services provided Defendant, it has refused and continues to refuse payment.

## V. CAUSES OF ACTION

### A. Breach of Contract

9. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

10. Plaintiff contracted with Defendants to sell it goods and services as described in Plaintiff's Exhibit A.

11. Plaintiff has fulfilled its obligations and provided goods and services as requested by Defendant and promised by Plaintiff.

12. Defendant has materially breached the contract by failing to pay the sums due for the goods and services provided.

13. After all available offsets and credits, Defendant's breach has caused Plaintiff to suffer actual damages to date totaling **ONE HUNDRED AND EIGHTY-SEVEN THOUSAND FOUR HUNDRED AND FIFTY-SIX DOLLARS AND 50/100 ($187,456.50)**.

### B. Quantum Meruit

14. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

15. In the alternative, Plaintiff pleads for recovery under the doctrine of quantum meruit. Plaintiff provided – and Defendant accepted – the goods and services described in Plaintiff's Exhibit A. Plaintiff provided such goods and services for the benefit of Defendants.

16. Defendants had reasonable notice that Plaintiff expected compensation for the goods and services provided and that failure to pay Plaintiff would result in actual

damages. After all available offsets and credits, Plaintiff is entitled to actual damages totaling **ONE HUNDRED AND EIGHTY-SEVEN THOUSAND FOUR HUNDRED AND FIFTY-SIX DOLLARS AND 50/100 ($187,456.50)** under its quantum meruit claim for the reasonable value of the goods and services provided to Defendant for which payment to Plaintiff was not made.

### C.  Attorneys' Fees

27.  Pursuant to Texas Civil Practice and Remedies Code § 38.001 *et. seq.*, DGI requests the Court award reasonable attorneys' fees incurred by DGI in bringing this litigation, as well as all costs of court.

### VI.  RELIEF REQUESTED

WHEREFORE, Plaintiff Global Data Systems, Inc. respectfully requests that Defendant Boulder Energy Solutions, LLC be cited to appear and answer, and that upon final hearing of this matter, Plaintiff have judgment against Defendant for the following:

(1) DGI's actual damages in the amount of $187,456.50;

(2) attorneys' fees under statute;

(3) court costs;

(4) pre-judgment and post-judgment interest;

(5) such other and further relief in law and in equity as this Court may deem just and proper.

Dated: March 5, 2018

                              Respectfully submitted,

               By:    */s/ John Bruster Loyd*

                      John Bruster Loyd
                      State Bar No. 24009032
                      Member WDTX
                      4400 Post Oak Parkway, Suite 2360
                      Houston, Texas 77027
                      Telephone: 713.225.9000
                      Facsimile:  713.225.6126
                      bruse@jgl-law.com

                      ATTORNEY-IN-CHARGE FOR
                      DIAMONG G INSPECTION, INC.

OF COUNSEL:

JONES, GILLASPIA & LOYD, L.L.P.
4400 Post Oak Parkway, Suite 2360
Houston, Texas 77027
Telephone: 713.225.9000
Facsimile:  713.225.6126